# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 15-87 |
| ) | Judge Nora Barry Fischer |
| LANCE GARDENHIRE, ) | |
| GEMERE BEY, ) | |
| CHRISTOPHER BRADLEY-BEY, ) | |
| CHRISTOPHER BROWN, ) | |
| HOLMAN BROWN, ) | |
| COREY CHEATOM, ) | |
| ANTHONY COSBY, ) | |
| HAKEEM DUELL, ) | |
| KHYREE GARDENHIRE, ) | |
| LASEAN GARDENHIRE, ) | |
| KEVIN SCOTT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

I.  INTRODUCTION

This multi-defendant heroin trafficking conspiracy case remains set for jury selection and trial to commence on April 24, 2017 at 9:30 a.m. (Docket No. 1774). The Court is considering the proposal by the Government to conduct two trials in this matter as is noted in the Third Trial Plan filed on March 31, 2017. (Docket No. 2102). Presently before the Court are three motions challenging the admissibility of Rule 404(b) evidence filed by Defendants Lance Gardenhire, Hakeem Duell, and Christopher Brown. (Docket Nos. 2124; 2130; 2142). The Government opposes the motions and seeks the admission of the challenged evidence, for reasons set forth in its responses. (Docket Nos. 2170; 2171; 2172). After careful consideration of the parties' arguments, and for the following reasons, Defendants' Motions [2124], [2130], [2142] are denied.

## II. RELEVANT BACKGROUND

All three of the Defendants (Lance Gardenhire, Hakeem Duell and Christopher Brown) are charged with conspiracy to distribute 1 kilogram or more of heroin from March 2012 to May 21, 2015. (Count 1S). Lance Gardenhire is also charged with: attempt to possess with intent to distribute 1 kilogram or more of heroin from August 1, 2014 to August 2, 2014, (Count 2S); conspiracy to commit money laundering from March 2012 to May 21, 2015, (Count 3S); and possession of a firearm in furtherance of the heroin trafficking conspiracy from March 2012 to May 21, 2015, (Count 7S). Hakeem Duell is additionally charged with: possession of a firearm in furtherance of possession with intent to deliver heroin on November 24, 2014, (Count 19S); felon in possession of a firearm on November 24, 2014, (Count 23S); and possession with intent to distribute and distribution of heroin on November 24, 2014, (Count 47S). Christopher Brown is charged with: possession of a firearm in furtherance of the heroin trafficking conspiracy from March 2012 to May 21, 2015, (Count 12S); and, possession with intent to distribute heroin, on May 21, 2015, (Count 53S).

Lance Gardenhire, Hakeem Duell and Christopher Brown have each stipulated with the Government that the drug lab reports from seizures during the investigation may be admitted into evidence, with the caveat that Defendants may dispute how or from whom the heroin was seized and the evidentiary value of the heroin. (Docket No. 2208). Additionally, the Government and Hakeem Duell have stipulated that "DeAndre Farrington pled guilty in Allegheny County Court to possession of a prohibited firearm identified as a Stag Arms AR-15 found in the Cadillac occupied by him and Defendant Hakeem Duell on November 24, 2014." (Docket No. 2208 at ¶ 1). They have further stipulated that the firearm was "manufactured outside of Pennsylvania and, therefore, traveled across state lines prior to being present in Pennsylvania," and that prior

to that episode, Duell was convicted of a crime punishable by imprisonment for a term exceeding one year. (*Id.* at ¶¶ 3, 6). The parties then stipulate to the admission of the excerpt of the state preliminary hearing transcript from a hearing held on December 4, 2014 at Govt. Ex. 19. During that hearing, Duell testified as follows:

> Q. Now, sir, were you a passenger in a Cadillac vehicle parked on Brownsville Road?
> A.   Yes, sir.
> Q.   Did you come to place an AR 15 in that vehicle at some point?
> A.   Yes, sir.
> …
> Q.   You put the gun in the vehicle?
> A.   Yes, sir.
> Q.   You possessed it?
> A.   Yes, sir.
> Q.   My client [Deandre Farrington] never possessed it?
> A.   No, sir.

(Govt. Ex. 19).

Despite his prior testimony, as a defense to the charges at trial, Duell has proffered, among other things, that "[o]n November 24, 2014, Mr. Duell was a passenger in a Cadillac operated by Deandre Farrington and did not own, possess, or exercise control over an AR-15 located in the rear of the vehicle. He subsequently accepted blame for the firearm for the benefit of his friend, Deandre Farrington. Any and all heroin found in Mr. Duell's possession was for personal use and not for sale or delivery to others." (Docket No. 2188). While the firearm charge against Farrington was resolved in state court, Duell's state charges were nolle prossed in favor of this federal prosecution.

III. LEGAL STANDARD

Evidence of a criminal defendant's conduct which is not charged in the indictment, including crimes, wrongs or other acts, may be admissible if: (1) the evidence is intrinsic to the

3

charged offense; or, (2) the evidence is extrinsic to the charged offense but is offered for a proper purpose under Rule 404(b). *See United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010), *cert. denied*, 131 S. Ct. 363, 178 L. Ed. 2d 234 (2010); *United States v. Williams*, 647 F. App'x. 144, 147 (3d Cir. 2016) (same). In the Third Circuit, uncharged acts are considered intrinsic to the charged offense if such acts "directly prove" the charged offense, or are "performed contemporaneously with the charged crime" and "facilitate the commission of the charged crime." *Id.* at 248-49. This type of evidence is admissible without the need for the government to provide notice to the defense prior to trial or for the Court to provide limiting instructions to the jurors during trial. *Id.* Uncharged acts which do not come within this definition of intrinsic evidence constitute extrinsic evidence and must meet the requirements of Rule 404(b) prior to being admitted at trial. Rule 404(b) bars "the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character." *Huddleston v. United States,* 485 U.S. 681, 685, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

Rule 404(b) provides, in pertinent part, that:

> (b) Crimes, Wrongs, or Other Acts.
> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) Permitted Uses … This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

FED. R. EVID. 404(b). As the Court of Appeals recently articulated:

> Rule 404(b) is a rule of general exclusion...." *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014); *see also United States v. Brown*, 765 F.3d 278, 291 (3d Cir. 2014) ("Rule 404(b) is generally a rule of exclusion."). That is, "Rule 404(b) directs that evidence of prior bad acts be excluded—unless the proponent can demonstrate that the evidence is admissible for a non-propensity purpose." *Caldwell*, 760 F.3d at 276.

4

> Because Rule 404(b) is a rule of general exclusion, the party seeking to admit other-acts evidence has "the burden of demonstrating [the evidence's] applicability." *Caldwell*, 760 F.3d at 276. Admissibility under Rule 404(b) requires the satisfaction of four distinct steps: (1) the other-acts evidence must be proffered for a non-propensity purpose; (2) that evidence must be relevant to the identified non-propensity purpose; (3) its probative value must not be substantially outweighed by its potential for causing unfair prejudice to the defendant; and (4) if requested, the other-acts evidence must be accompanied by a limiting instruction. *See Huddleston v. United States*, 485 U.S. 681, 691, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); *Caldwell*, 760 F.3d at 277–78.

*United States v. Repak*, No. 15-4011, --- F.3d ---, 2017 WL 1149100, at *4 (3d Cir. Mar. 28, 2017).

IV. DISCUSSION

As noted, the Government, Hakeem Duell, Lance Gardenhire and Christopher Brown dispute the admissibility of the challenged prior bad act evidence. (Docket Nos. 2124; 2130; 2142). The Court will now address the motions in limine as to each of the Defendants, in turn.

*A. Hakeem Duell – Docket No. 2142*

Duell generally moves to preclude the admission of prior bad act evidence at trial. (Docket No. 2142). As noted, Duell is charged with the heroin conspiracy count from March 2012 to May 21, 2015 and three charges arising on November 24, 2014, i.e., possession of a firearm by a convicted felon; possession with intent to distribute heroin; and possession of a firearm in furtherance of a drug trafficking crime. (Docket No. 1020). He has pled not guilty and denies the accusations in the Superseding Indictment. (Docket No. 2188). As to the November 24, 2014 charges, Duell also claims that he accepted responsibility for the firearm

5

charged by testifying in state court in order to help his friend and that any and all heroin that he possessed was for personal use and not for distribution to others. (*Id.*).

The Government responds that it will present evidence at trial that Duell was convicted in June of 2015 of possession of heroin with intent to deliver. (Docket No. 2171). "This conviction stemmed from the defendant's possession of over 500 stamp bags of heroin inside a vehicle in December 2013." (*Id.*). Government Exhibit 11 contains certified conviction records for this case indicating that he pled guilty to violating 35 Pa.C.S. §§ 780-113(a)(30) and was sentenced to 11 months and 29 days and up to 1 year, 11 months and 28 days, to be followed by three years' probation. (Govt. Ex. 11).

In this Court's estimation, the evidence of Duell's 2015 conviction is intrinsic to the conspiracy to distribute and possess with intent to distribute heroin charge at Count 1. *See Green*, 617 F.3d 233, 249. To this end, the criminal conduct resulting in the guilty plea took place on December 21, 2013 which is within the time frame of the charged conspiracy to distribute and possess with intent to distribute 1 kilogram of heroin and directly proves the charged offense at Count 1. *See e.g., United States v. Maynard*, 586 F. App'x 56, 59 (3d Cir. 2015) (evidence of drug sales constitute strong evidence of knowing participation in the conspiracy). Hence, Rule 404(b) is not implicated and does not support preclusion of the evidence at a joint trial of the charges against Duell. *Green*, 617 F.3d at 249. The challenged evidence is also highly probative and, while it is prejudicial to defendant, such prejudice does not substantially outweigh the probative value of the evidence. *See* FED. R. EVID. 403.

For these reasons, Duell's motion in limine is denied.[1] Insofar as Duell requests a limiting instruction for the jury's consideration of his 2015 conviction vis-à-vis the charges he

---

[1] The Court would alternatively hold that this evidence is admissible under Rule 404(b), for reasons expressed below with respect to the challenges by Lance Gardenhire and Christopher Brown. Duell's defense to the

6

faces from the events of November 24, 2014, he shall file a limiting instruction by the deadline set forth below.

   B. *Lance Gardenhire – Docket No. 2124*

Lance Gardenhire generally moves to preclude the admission of prior bad act evidence against him at trial of this matter. (Docket No. 2124). Again, Lance Gardenhire is charged with conspiracy to distribute 1 kilogram or more of heroin from March 2012 to May 21, 2015; possession of a firearm in furtherance of a drug trafficking crime during the same period; money laundering conspiracy for the same time period; and, attempt to possess with intent to distribute 1 kilogram or more of heroin on August 1, 2014 to August 2, 2014. (Docket No. 1020). Lance Gardenhire denies the accusations set forth in the Superseding Indictment. (Docket No. 2187). In his Brief Statement of Defense, Lance Gardenhire more specifically denies each charge, including the intent element of each offense. (*Id.*). Lance Gardenhire has likewise proffered supplemental jury instructions regarding membership and participation in a conspiracy which seek to emphasize that merely having knowledge of the existence of a conspiracy or associating with others who are engaged in criminal conduct is not enough to prove a conspiracy. (Docket No. 2177 at 7-8).

The Rule 404(b) evidence that the Government seeks to admit against Lance Gardenhire is summarized, as follows:

> With respect to Mr. Gardenhire, the prosecution provided notice of its intent to introduce evidence that he was convicted in

---

drug conspiracy and possession with intent to distribute charge is that any drugs that he possessed were for personal use. In addition to the conspiracy charge, Duell's plea to possession with intent to distribute 500 stamp bags of heroin in December of 2013 is highly relevant to the disputed issue of his intent with respect to the possession with intent to distribute charges from December of 2014. *Cf., United States v. Davis*, 726 F.3d 434, 443 (3d Cir. 2013) (noting that "Nor does a possession conviction imply an intent to distribute. Possession and distribution are distinct acts—far more people use drugs than sell them—and these acts have different purposes and risks. A prior conviction for possessing drugs by no means suggests that the defendant intends to distribute them in the future."). The probative value of the distribution activities is not substantially outweighed by the prejudice to Defendant, if any, arising from the mid-conspiracy distribution activities. *See* FED. R. EVID. 403.

state court of possessing heroin with intent to deliver within ten years of the commencement of the heroin conspiracy charged in Count One. Mr. Gardenhire, in fact, has five prior drug trafficking convictions from five separate state cases. The prosecution has agreed to inform the jury of only one of those convictions. In addition, the prosecution has provided notice of its intent to present prosecution trial exhibits 5 (recordings) and 6 (transcript) that contain statements by Lance Gardenhire explaining how he obtained and maintained his connection to his New Jersey heroin source of supply for the conspiracy in the years directly leading up to the date range charged in Count One.

(Docket No. 2172 at 1). The prior felony conviction of Lance Gardenhire included in the trial exhibits is his guilty plea to possession with intent to deliver heroin on May 9, 2002, 35 Pa.C.S. §§ 780-113(a)(30), and for which he was sentenced on January 30, 2002 to 4 to 10 years' imprisonment in the Court of Common Pleas. (Govt. Ex. 11). The recorded statements[2] attributed to Lance Gardenhire that the prosecution seeks to admit are from December 25, 2014, (Christmas Day), at which time Lance Gardenhire and Rashod Clark had the following exchange:[3]

> LG: He's going down there fucking three days down three days back. And I mean, he finds it more appeasing to just go that little six hours up top and back down. Which is true.
> RC: Mhmm.
> LG: You know what I'm saying. That's why I never really ventured into the coke after ninety-eight because shit, fuck that. That shits too far man and and you gotta go to Cali or Arizona man to really get that fucking good ass coke connect. And I wouldn't wait I'd rather go up top. Six eight hours away and get my money like that but anyway. After that first mother fucking home we had I had to burn. You know what I'm saying.
> …
> RC: Yeah I'm saying like I don't got no snaps. I don't got no people that I was dealing with. You know what I'm saying. Like

---

[2] The Court previously denied Lance Gardenhire's motion to suppress this recording, as untimely and without merit. (*See* Docket No. 1995).

[3] The Government also intends to present expert witness testimony from Special Agent Lenard Piccini of the Federal Bureau of Investigation on drug trafficking and has disclosed a summary of his expected testimony to Defendants. *See Proffer Letter of 4/9/17*. Relevant here, the Government proffers that he will testify that "up top" is a common term used by heroin dealers in Western Pennsylvania to refer to the New York/New Jersey source of supply area. *Id.*

> I'm not established like them type of resources I, I, for me not being out here for so long. You gotta realize mother fuckers been out here doin this shit for twenty years. So they got mother fuckers to deal with, know where to go and who to deal with and all of that whereas though I really don't.
>
> LG: LG: That's true. Yeah. Ain't shit. But, I mean take your big bro for example and I come home and every time I come home bro it's just like starting [Untelligible] what you're thinking about. Like trust me I might make this shit look easy with [Unintelligible] I'm starting from the ground practically every time. Now I just been fortunate enough to what '08 and met the connect.
> RC: Mhmm.
> LG: A hundred percent. '08 so okay now when I come to '09 to a two thousand twelve I was fortunate enough to go back up and reach out to my lady.
> RC: Yeah.
> LG: But like before that. Man it wasn't none of that man. I was starting from the ground and all the way back up and keeping it all the way official with you like even though I had that connect up there. I had to start all over again anyway because I owed them thirty bands, from '09. Like I had a delinquent bill and them mother fucker she was not trusting. Like that mother fucking bitch was like fucking crazy man. So you know you owe this mother fucker a couple dollars ... [Unintelligible] it was over that thirty grand so.
> RC: But at least they fucked with you to the point to allow you to be able to still do that. You know what I'm saying. That's a hell of a a resource to have.
> LG: Right.
> RC: You know what I'm saying.
> LG: Right.

(Govt. Ex. 6). With that further background, the Government outlines the path to admissibility of the evidence in the following manner.

> The chain of permissible non-propensity inferences supporting the admissibility of the challenged evidence includes the following: Lance Gardenhire had the intent and motive to distribute heroin, conspire to distribute heroin, and possess a firearm in furtherance of the distribution of heroin leading up to the dates in Counts One, Two, and Seven. → Lance Gardenhire also had the capacity and opportunity to conspire to distribute heroin, and to serve as the Western Pennsylvania source of supply, leading up to the date range in Count One. →

9

> It is, therefore, likely that he had the opportunity, capacity, intent, and motive to distribute heroin, conspire to distribute heroin, and possess a firearm in furtherance of the distribution of heroin on the dates in Counts One, Two, and Seven. → It is, therefore, also likely that he did not unwittingly associate with and assist his co-conspirators as they distributed heroin and possessed firearms on the dates in Counts One, Two, and Seven.

(Docket No. 2172).

After careful consideration of the proffers from the Government in light of the relevant legal principles outlined above, the Court agrees that the Government has met its burden to demonstrate the admissibility of the challenged evidence via Rule 404(b). *See, e.g., Repak*, --- F.3d ---, 2017 WL 1149100, at *4. As the Government points out, the caselaw is legion that prior distribution activities and convictions for drug distribution are relevant to the contested issues of Lance Gardenhire's intent and motive to commit the crimes alleged in Counts 1, 2, and 7. To this end, the Court of Appeals has recounted that:

> We have, in the past, upheld the introduction of evidence of past distribution as relevant to prove knowledge of the same or different drug in a later distribution trial. *See United States v. Givan*, 320 F.3d 452, 461 (3d Cir. 2003) ("The evidence that Givan had been convicted of distribution of cocaine makes Givan's knowledge of the presence of the heroin more probable than it would have been without the evidence."). We have also held that a defendant's "participation in a prior drug conspiracy is probative of his knowledge of, and relationship with a member of, a later drug conspiracy." *United States v. Vega*, 285 F.3d 256, 263 (3d Cir. 2002). And we have held that evidence of past distribution is relevant to prove intent to distribute in a later distribution trial, even to the extent of admitting prior convictions as well as uncharged conduct. *See United States v. Lee*, 573 F.3d 155, 166–67 (3d Cir. 2009) (holding that prior drug trafficking conviction was admissible to prove intent to distribute).

*United States v. Jackson*, 619 F. App'x 189, 193-94 (3d Cir. 2015), *cert. denied*, 136 S. Ct. 992, 194 L. Ed. 2d 13 (2016). Here, the prosecution seeks to admit two separate pieces of prior bad act evidence against Lance Gardenhire: first, the recorded conversations from a date within the

scope of the charged conspiracy referencing prior distribution and supply activities; and second, the prior conviction for possession with intent to distribute heroin. (Docket No. 2172). The Court believes that such evidence has been proffered for non-propensity purposes, intent, motive and opportunity/capacity; and it is also relevant to refute Lance Gardenhire's expected claim that he was either unaware of the drug distribution activities of other members of the conspiracy or that his mere association with those individuals or knowledge of their activities would not be sufficient to form a conspiratorial agreement. *See* FED. R. EVID. 404(b)(2). Indeed, the recorded conversation is highly relevant to the jury's resolving those contested issues, as the Government believes that Lance Gardenhire is discussing his utilization of an out-of-state heroin supplier in the past and at the time of the conversation, December 25, 2014, with another of his coconspirators charged in this case. *See Lee*, 573 F.3d at 166-67. The prior conviction for distribution of heroin similarly counters the defenses raised here by Lance Gardenhire:

> <u>Count One</u> – Defendant denies the accusation that he possessed heroin with intent to distribute it, or that he distributed it. He also denies that he participated in the alleged conspiracy to possess it with intent to distribute it, and to distribute it.
>
> <u>Count Two</u> - Defendant denies the accusation that he and the other individuals named attempted to possess heroin, or possessed it, with intent to distribute it.

(Docket No. 2187). The prior conviction is thus relevant in the way described by the Court of Appeals in *United States v. Moffitt*, wherein the Court reasoned:

> Moffitt was charged with conspiring with intent to distribute and attempting to possess with intent to distribute cocaine. He concedes that he placed his intent to do so at issue in this case. The two prior convictions the Government introduced were for possession with intent to distribute and possession with intent to deliver controlled substances. Given that Moffitt challenged his intent to participate in the drug distribution scheme in this case, it was not an abuse of discretion for the District Court to determine that his past acts of drug distribution were relevant to whether he had that intent here.

11

*United States v. Moffitt*, 601 F. App'x 152, 155 (3d Cir. 2015).

Further, the Court holds that the prejudice to Lance Gardenhire by the admission of the challenged evidence, (the recorded conversation and the single prior conviction for possession with intent to distribute heroin), is not substantially outweighed by the probative value of same. *See* FED. R. EVID. 403. Again, Lance Gardenhire has placed his intent at issue and the recorded conversation and the prior conviction make it more likely than not that he acted with the required intent, as charged, at Counts 1 and 2. Although it is not raised here, the Court would also agree with the Government's self-limiting of the evidence in that it is seeking to admit, i.e., only one of Lance Gardenhire's five possible prior convictions. With that said, the Court will provide a limiting instruction to the jury. The parties shall meet and confer and provide a proposed limiting instruction by the deadline set forth below.

*C. Christopher Brown – Docket No. 2130*

Christopher Brown moves to preclude the admission of evidence of an investigation of Anthony Cosby and controlled buys that were made from him in September 2011, for conduct which predates the charged conspiracy. (Docket No. 2130). As the Court has already recounted, Christopher Brown is charged with conspiracy to distribute 1 kilogram or more of heroin from March 2012 to May 21, 2015; possession of a firearm in furtherance of the heroin trafficking conspiracy from March 2012 to May 21, 2015; and, possession with intent to distribute heroin, on May 21, 2015. (Docket No. 1020). He has proffered a defense that the Government will be unable to prove beyond a reasonable doubt that he conspired to deliver 1 kilogram or more of heroin or that he possessed a firearm in furtherance of a drug distribution crime. (Docket No. 2186). With respect to the evidence challenged by Christopher Brown, the Government states the following:

> Between July and the end of September 2011, members of the Pittsburgh Police Department conducted four undercover purchases of heroin from Anthony Cosby and others near 15 and 17 Industry Street. On September 30, 2011, during the afternoon, search warrants were served at 15 and 17 Industry Street. When the search warrant was served, Corey Cheatom, Holman Brown, Christopher Brown, and others were found inside 17 Industry Street. Some of the undercover buy money from two buys that occurred earlier that day were found in the $1,490 Cheatom had on his person and in the $584 Holman Brown had on his person. Hundreds of stamp bags of heroin and firearms were found inside the residence, some in plain view.

(Docket No. 2170 at 1). The Government advocates that "the challenged evidence demonstrates that Christopher Brown and the others referenced above had the capacity, opportunity, intent, and motive to conspire to distribute heroin together in early 2012 because they were already doing it in essentially the same manner, at the same location, with many of the same people in September 2011." (*Id.*).

At the outset, the proffered evidence is intrinsic to Cosby, who is charged with four counts of possession with intent to distribute and distribution of heroin on July 6, 2011, July 8, 2011, July 20, 2011, and September 28, 2011. (Docket No. 1020 at Counts 28S; 29S; 30S; and 31S). The cases against Christopher Brown and Cosby are joined for trial and this evidence will be admitted at a joint trial involving both of these individuals, subject to a limiting instruction. *See United States v. Hoffecker*, 530 F.3d 137, 190 (3d Cir. 2008) (instructions can minimize any "spillover" prejudice to codefendant in joint trial).

In any event, the Government continues that its evidence of drug trafficking at 17 Industry Street, (the residence of Christopher, Holman and Dale Brown), in September of 2011 is admissible against Christopher Brown under Rule 404(b). (Docket No. 2170). The Court once again agrees with the Government's position. The challenged evidence has been proffered for non-propensity purposes, that is, Christopher Brown's intent, motive and opportunity to

participate in the charged conspiracy from March 2012 to May 21, 2015 that started only 6 months after the September 2011 search of 17 Industry Street. Certainly, the presence of heroin in the residence and the codefendants (Cheatom, and brother Holman), along with the "buy money" from the controlled buys from Cosby is highly relevant to Christopher Brown's intent and motive to engage in the charged conspiracy. *See Vega*, 285 F.3d at 263 ("participation in a prior drug conspiracy is probative of his knowledge of, and relationship with a member of, a later drug conspiracy."). The Court further finds that the prejudice to Christopher Brown from the admission of the challenged evidence does not substantially outweigh its significant probative value as to the disputed issues of Christopher Brown's intent, motive, and opportunity as to Count 1. *See* FED. R. EVID. 403. However, the Court will provide a limiting instruction to the jury. The parties shall meet and confer and provide the Court with a limiting instruction by the deadline set forth below.

V. CONCLUSION

Based on the foregoing, the motions in limine filed by Duell [2142], Lance Gardenhire [2124] and Christopher Brown [2130] are denied. It is further ordered that the parties shall submit joint limiting instructions by **April 18, 2017**.

>                 */s Nora Barry Fischer*
>                 Nora Barry Fischer
>                 U.S. District Judge

Dated: April 13, 2017

cc/ecf: All counsel of record.